IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LYDELL MARVIN BEGAY,
MARTIN ("MARTY") BEGAY, and
LORENE BEGAY,

    Plaintiffs,

vs.                                                        No. CIV 15-0358 JB/SCY

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION[1]

**THIS MATTER** comes before the Court on The United States of America's Motion for Protective Order, filed November 23, 2016 (Doc. 80)("Motion"). The Court held a hearing on December 6, 2016. The primary issue is whether the deposition of Jodene Butler, a Defendant United States of America employee, should take place at the office of the Plaintiffs' counsel in Albuquerque, New Mexico, or in Shiprock, New Mexico, where Butler works. The Court concludes that the deposition should take place in Shiprock, not in Albuquerque, so the Court grants the Defendant United States of America's Motion. The Court concludes that Butler's deposition should take place in Shiprock instead of Albuquerque, because "when the plaintiff sets the deposition of a corporate defendant's employee, the employee is entitled to have his deposition taken at his residence or where he works." Gulfstream Worldwide Realty, Inc. v. Philips Elects. N.A. Corp., No. CIV 06-1165, 2007 WL 5704041, at *5 (D.N.M. Oct. 27,

---

[1]On September 19, 2017, the Court issued an Order granting The United States of America's Motion for Protective Order, filed November 23, 2016 (Doc. 80). Order at 2, filed September 19, 2017 (Doc. 128)("Order"). In that Order, the Court stated that it would at a later date issue a memorandum opinion "more fully detailing its rationale for its decision." Order at 1 n.1. This Memorandum Opinion the promised product.

2007)(Browning, J.).

## **FACTUAL BACKGROUND**

In March 2014, Plaintiff Lydell Marvin Begay visited the emergency room at the Northern Navajo Medical Center in Shiprock. See Complaint for Damages ¶ 2, at 1-2, filed April 28, 2015 (Doc. 1)("Complaint"). According to the Plaintiffs, "[a]s a result of Defendant's negligent medical care, misdiagnosis and failure to adequately credential, staff, or supervise the emergency room at NNMC, Lydell Begay suffered catastrophic and permanent injuries, injuries that have all but taken this young man's life away." Complaint ¶ 4, at 2. Also according to the Plaintiffs, "the physician who treated Lydell Begay, Annicol Marrocco, M.D., was acting under restricted medical licenses and required close supervision," but "NNMC provided no such supervision." Complaint ¶ 3, at 2.

## **PROCEDURAL BACKGROUND**

On April 27, 2015, the Plaintiffs filed their Complaint. See Complaint at 13. On November 15, 2016, the "Plaintiffs noticed the deposition of Jodene Butler, who worked at the Northern Navajo Medical Center," and they sought to depose her in Albuquerque. Motion at 1. On November 23, 2016, the United States filed its Motion, see Motion at 3, seeking "a protective order preventing the taking of the deposition of Jodene Butler . . . [on] December 1, 2016, at 10 a.m. in Albuquerque, New Mexico," Motion at 1. The United States argues that a protective order is appropriate, because "the general rule [is] that the deposition of a corporate employee should be taken at the corporation's principal place of business." Motion at 2 (citing Gulfstream Worldwide Realty, Inc. v. Philips Elects. N.A. Corp., 2007 WL 5704041, at *5).

The Court held a hearing on December 6, 2016. At that hearing, the Court expressed an inclination to grant the Motion, and the Plaintiffs indicated that they would be willing to take

Butler's deposition in Shiprock.  See Draft Transcript of Motion Hearing (taken December 6, 2016) at 2:17-4:13 (Court, Zedalis)("Tr.").[2]  On December 15, 2016, the Plaintiffs served a new "Notice of Deposition Duces Tecum of Jodene Butler" on the United States.  Certificate of Service at 1, filed December 16, 2016 (Doc. 86)(not providing the date of the noticed deposition to the Court).  On January 13, 2017, the Plaintiffs served a "Second Amended Notice of Deposition Duces Tecum of Jodene Butler."  Certificate of Service, filed January 13, 2017 (Doc. 90)(not providing the date of the noticed deposition to the Court).  Six days later, the Plaintiffs withdrew that notice.  See Plaintiffs' Notice of Withdrawal of Notice of Deposition Duces Tecum of Jodene Butler at 1, filed January 19, 2017 (Doc. 94).  On February 3, 2017, the Plaintiffs served a "Third Amended Notice of Deposition Duces Tecum of Jodene Butler."  Certificate of Service at 1, filed February 3, 2017 (Doc. 100)(not providing the date of the noticed deposition to the Court).  There is no indication that Butler's deposition did not proceed as noticed.

## LAW REGARDING PROTECTIVE ORDERS

"Federal district courts have broad discretion over discovery."  Morales v. E.D. Etnyre & Co., 229 F.R.D. 661, 662 (D.N.M. 2005)(Browning, J.).  The trial court has discretion to grant a protective order pursuant to rule 26(c) of the Federal Rules of Civil Procedure.  See Morales v. E.D. Etnyre & Co., 229 F.R.D. at 663.  Rule 26(c) provides that, upon a showing of good cause, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," which may include forbidding disclosure or discovery.  Fed. R. Civ. P. 26(c)(1)(A).  Accord Miller v. Regents of the Univ. of Colo., 188 F.3d 518 (Table), 1999 WL 506520, at *12 (10th Cir. 1999)("The district court is in the best position to

---

[2] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited versions.  Any final transcript may contain slightly different page and/or line numbers.

weigh these variables and determine the appropriate limits because, unlike an appellate court, the district court has the ability to view firsthand the progression of the case, the litigants, and the impact of discovery on parties and nonparties.").

"It is the party seeking the protective order who has the burden to show good cause for a protective order." Velasquez v. Frontier Med. Inc., 229 F.R.D. 197, 200 (D.N.M. 2005)(Browning, J.). The party seeking the protective order must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981)(internal quotation marks omitted).

Although rule 26(c) is silent regarding the time within which the movant must file for a protective order, "the United States Court of Appeals for the Tenth Circuit has held that a motion under rule 26(c) for protection . . . is timely filed if made before the date set for production." Montoya v. Sheldon, No. CIV 10-0360, 2012 WL 2383822, at *5 (D.N.M. June 8, 2012)(internal quotation marks and brackets omitted)(citing In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig., 669 F.2d 620, 622 n.2 (10th Cir. 1982)).

## **LAW REGARDING DEPOSITION LOCATIONS**

Although the examining party generally designates the location for the deposition of another party under rule 30(b) of the Federal Rules of Civil Procedure, see Fed. R. Civ. P. 30(b), a court may grant a protective order to appoint a different place under rule 26(c)(2), see Fed. R. Civ. P. 26(c)(2). See also Schindler Elevator Corp. v. Otis Elevator Co., No. CIV 06-5377, 2007 WL 1771509, at *8 (S.D.N.Y. June 18, 2007)(Katz, J.)(noting that "the decision as to the location of the deposition lies with the discretion of the Court"). Rule 26(c)(2) enables a court to issue a protective order to protect a party from "undue burden or expense." Fed. R. Civ. Proc. 26(c). When making the determination of whether a protective order is proper, "[t]he trial court

has great discretion in establishing the time and place of a deposition." Sheftelman v. Standard Metals Corp., 817 F.2d 625, 628 (10th Cir. 1987). Because the Plaintiff has greater influence over the choice of forum, "courts are more willing to protect [a] defendant from having to come to the forum for the taking of his or her deposition than they are in the case of plaintiffs." O'Sullivan v. Rivera, 229 F.R.D. 187, 189 (D.N.M. Sep. 20, 2004)(Browning, J.)(internal quotation marks omitted). "As a general policy, the Court encourages parties to set depositions in mutually agreeable locations." Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd., 242 F.R.D. 1, 5-6 (D.D.C. 2007)(Lamberth, J.).

As explained in Metrex Research Corp. v. United States, 151 F.R.D. 122 (D. Colo. 1993), "[i]n the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party." 151 F.R.D. at 125. Thus, "when the plaintiff sets the deposition of a corporate defendant's employee, the employee is entitled to have his deposition taken at his residence or where he works." Gulfstream Worldwide Realty, Inc. v. Philips Elects. N.A. Corp., 2007 WL 5704041, at *5. See Valencia v. Colorado Cas. Ins. Co., No. CIV 06-1259, 2007 WL 5685360, at *5 (D.N.M Dec. 8, 2007). See also Starlight Int'l Inc. v. Herlihy, 186 F.R.D. 626. 644 (D. Kan. 1999)(Rushfelt, M.J.); County Council of Northampton County v. SHL Systemhouse Corp., No. CIV 98-0088, 1999 WL 269918, at *2 (E.D. Pa. Apr. 20, 1999)(Rueter, M.J.)("The deposition of a corporate agent or officer should ordinarily be held at the principal place of business.").

## ANALYSIS

Ordinarily, "when the plaintiff sets the deposition of a corporate defendant's employee,

the employee is entitled to have his deposition taken at his residence or where he works." Gulfstream Worldwide Realty, Inc. v. Philips Elects. N.A. Corp., 2017 WL 5704041, at *5. The Plaintiffs have not identified any reason why Butler's deposition should depart from that general rule. Indeed, at the December 6, 2016 hearing, the Plaintiffs agreed to take Butler's deposition in Shiprock instead of in Albuquerque. See Tr. at 3:21-4:13 (Zedalis). Accordingly, the Court concludes that holding Butler's deposition in Shiprock is appropriate.

**IT IS ORDERED** that The United States of America's Motion for Protective Order, filed November 23, 2016 (Doc. 80), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Seth T. Cohen
Cynthia Zedalis
Cohen & Zedalis LLP
Santa Fe, New Mexico

-- and --

Margaret Moses Branch
Branch Law Firm
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs*

James A. Tierney
  Acting United States Attorney
Erin Langenwalter
Christopher F. Jeu
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Defendant*